## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL NO. 3:13-41** |
| **v.** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **GEORGE J. LAWRENCE, IV,** *a/k/a* **"G,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### I.     SYNOPSIS

Pending before the Court are Defendant's motion to suppress evidence (ECF No. 87) and Defendant's supplemental motion to suppress evidence pursuant to *Franks v. Delaware* (ECF No. 110).  Defendant seeks to suppress evidence collected during a search of his home by police on April 23, 2013.  Defendant asserts that the police unlawfully searched his home and seized evidence pursuant to a defective search warrant, arguing that the affidavit in support of the search warrant lacked probable cause.  Defendant also requests a *Franks* hearing, asserting that the affidavit of probable cause recklessly included a false statement.  For the reasons explained below, the Court will **DENY** both of Defendant's motions.

### II.     BACKGROUND

This matter arises from certain alleged drug transactions involving the Defendant and a subsequent search of his home conducted by police on April 23, 2013, pursuant to a warrant.  The Government filed a six-count Indictment against Defendant and his three

co-defendants[1] on December 10, 2013.  (*See* ECF No. 1).  Defendant is charged in five of the six Counts of the Indictment as follows:  Count 1 charges Defendant with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base; Count 2 charges Defendant with distribution of less than 500 grams of cocaine; Counts 3 and 4 charge Defendant with distribution of less than 28 grams of cocaine base; and Count 6 charges Defendant with possession with intent to distribute 28 grams or more of cocaine base.

On January 16, 2014, Defendant made his initial appearance, was arraigned, and pleaded not guilty.  (*See* ECF Nos. 35, 37).  On April 14, 2014, Defendant filed a motion to suppress the evidence seized during the search (ECF No. 87), to which the Government filed a response (ECF No. 102) on July 16, 2014.  The Court held a suppression hearing regarding Defendant's motion on September 2, 2014.  (*See* ECF No. 108).  At the suppression hearing, the Government presented the testimony of one witness, Detective Thomas E. Keirn, and introduced one exhibit into evidence, Detective Keirn's application and affidavit for search warrant (Gov't Ex. 1).  Defendant cross-examined the Government's witness but did not offer any additional testimony or exhibits into evidence.

Also at this suppression hearing, Defendant asserted his right to a *Franks* hearing. The Government objected to Defendant's request, and this Court, after reviewing the motion to suppress and after hearing argument from both counsel, concluded that

---

[1] The motions now pending before the Court do not involve the three co-defendants named in the Indictment—Paulette M. Alt, Donna M. Hawk, and Paul A. Robinson, Jr.

Defendant had failed to make a sufficient showing pursuant to *Franks v. Delaware* and ruled that no *Franks* hearing would be held at that time. Defendant then requested leave of the Court to file a supplemental *Franks* motion at a future time. (*See* ECF No. 113 at 8). The Court noted Defendant's request for the record but explained that it would not "rule at this time on whether or not such a motion would be granted, or even that it would be timely at that particular filing date." (*Id.*). Defendant subsequently filed his *Franks* motion on September 7, 2014. (ECF No. 110).

Regarding the motion to suppress, Defendant claims that the warrant to search Defendant's home at 103 Catherine Street was not supported by probable cause. In response, the Government argues that the warrant is based on probable cause because "the facts set forth in the affidavit, coupled with the affiant's experience and knowledge of drug dealers, provided a substantial basis from which the issuing judge could conclude that evidence, fruits, and instrumentalities of drug dealing [were] likely to be found at 103 Catherine Street." (ECF No. 102 at 10). Alternatively, the Government argues that the *Leon* good faith exception should apply.

Regarding the motion for a *Franks* hearing, Defendant asserts that the warrant affidavit contains a false statement that was later controverted by an undercover officer testifying under oath. The Government argues that Defendant has waived his right to a *Franks* hearing by failing to file the motion within the appropriate time prescribed by the Court. Additionally, the Government contends that Defendant has failed to establish a substantial preliminary showing that the affidavit contained a false statement and that the statement was necessary to the finding of probable cause.

III.    **FINDINGS OF FACT**

The Court makes the following findings of fact based on the evidence and testimony presented at the suppression hearing:

1.  Detective Keirn is a detective with the Richland Police Department, a member of the Cambria County Drug Task Force, and a member of the Federal Safe Streets Task Force in Johnstown. (ECF No. 113 at 8-9).

2.  In February 2013, the Cambria County Drug Task Force began investigating Defendant related to the illegal sale and distribution of crack cocaine in Johnstown and surrounding areas of Cambria County. (Gov't Ex. 1 at 3, ¶ 4).

3.  On April 14, 2013, investigators completed a successful purchase of crack cocaine using a confidential informant from Paulette Alt, a co-defendant in this case, after Defendant arrived and supplied Alt with the crack cocaine for the deal. (Gov't Ex. 1 at 3, ¶ 5).

4.  On April 23, 2013, using the same confidential informant, investigators completed a second successful purchase of crack cocaine from Paulette Alt at the direction of Defendant, though Defendant was not present for the transaction. (Gov't Ex. 1 at 4, ¶ 8).

5.  On April 23, 2013, a second confidential informant received a delivery of crack cocaine from Defendant that Defendant had "just cooked up." Defendant instructed the confidential informant that Paulette Alt would come over to pick up the crack cocaine from the confidential informant. (Gov't Ex. 1 at 4, ¶ 9).

6. On April 23, 2013, Detective Keirn prepared a search warrant application and affidavit of probable cause, which was approved by Cambria County Assistant District Attorney Forest Fordham, for the purpose of searching Defendant's residence at 103 Catherine Street in Johnstown and seizing evidence related to illegal drug activities. (*See* Gov't Ex. 1; *see also* ECF No. 113 at 10-12).

7. Thereafter, Judge Patrick T. Kiniry of the Cambria County Court of Common Pleas signed and issued a warrant to search 103 Catherine Street. (*See* Gov't Ex. 1; *see also* ECF No. 113 at 14-15).

8. On that same day, April 23, 2013, police officers executed the search warrant issued by Judge Kiniry and conducted a search of 103 Catherine Street. (ECF No. 113 at 14-15).

9. During the course of the search, police officers seized several items of evidence, including large quantities of crack cocaine and paraphernalia and instrumentalities related to drug activity. (ECF No. 113 at 16-17).

## IV. CONCLUSIONS OF LAW

The Court will separately address Defendant's motion to suppress the evidence (ECF No. 87) and Defendant's supplemental motion to suppress the evidence pursuant to *Franks v. Delaware* (ECF No. 110).

### A. Motion to Suppress Evidence

Defendant's first motion asserts that the police illegally searched his home and seized evidence pursuant to a defective warrant and that the evidence collected during

the search should thus be suppressed.  Specifically, Defendant argues, "[t]here is nothing within the four corners of the application that indicates that any illegal drugs or contraband would be found" at Defendant's home on the date of the search.  (ECF No. 87 ¶ 14).

> The Fourth Amendment guarantees that
>
> [T]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized.

U.S. Const. amend. IV.  To find probable cause to search, a judge issuing a warrant must determine that there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  The issuing judge is to make a probable cause determination under the totality of the circumstances, and the government must demonstrate only the probability of criminal activity.  *Gates*, 462 U.S. at 235, 238.

A court reviewing a probable cause determination must uphold the issuing judge's finding if the affidavit on which it was based provided a substantial basis for finding probable cause.  *United States v. Jones*, 572 F. Supp. 2d 601, 612-13 (W.D. Pa. 2008); *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993).  The reviewing court must confine itself to the facts, as contained within the affidavit, which were before the issuing judge. *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001).   Further, in making the determination that there was a substantial basis for finding probable cause based on the totality of the circumstances, it is required that the issuing judge have made only "a

practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. Even if a reviewing court would not have found probable cause in a particular case, it must nevertheless uphold a search warrant so long as the issuing magistrate's determination was made upon the "substantial basis" standard. *See United States v. Jones*, 994 F.2d 1051, 1057 (3d Cir. 1993); *see also United States v. Hay*, 231 F.3d 630, 634 n.4 (9th Cir. 2000) (reviewing courts must give "great deference" to a magistrate's determination of probable cause). With these legal principles in mind, the Court must now determine whether the issuing court—Judge Kiniry of the Cambria County Court of Common Pleas—had a substantial basis for concluding that there was a fair probability that evidence of Defendant's drug activity would be found at 103 Catherine Street. The Court will first evaluate the validity of the search warrant and then will briefly consider the good faith exception raised by the Government.

### 1. The Validity of the Warrant

Defendant argues the search warrant affidavit lacked probable cause. Specifically, Defendant points to "numerous inconsistencies, typos, and allegations that . . . are sloppy" (ECF No. 113 at 38) and which are contained in the affidavit. Defendant contends, for example, (1) paragraph 5 contains an incorrect date—April 14, 2013, should have been April 16, 2013; (2) the affidavit skips from paragraph 5 to paragraph 7, omitting paragraph 6; (3) paragraph 7 does not contain any allegations of criminal activity. Defendant further asserts that the affidavit fails to establish a sufficient nexus between

Defendant's residence and any criminal activity. (ECF No. 87 at 5) ("The warrant is devoid of any averment that [Defendant] was conducting unlawful operations from his home.").

Contrary to Defendant's arguments, Detective Keirn's affidavit of probable cause provided a substantial basis for a finding of probable cause to search 103 Catherine Street and sufficiently established that there was a fair probability that evidence of drug activities would be found at that location. Significantly, the affidavit of probable cause details multiple controlled drug purchases involving Defendant using confidential informants. The affidavit explains that the Cambria County Drug Task Force ("Task Force") began investigating Defendant's alleged illegal sale and distribution of crack cocaine beginning in February 2013. (Gov't Ex. 1 at 3, ¶ 4). The affidavit details that, on April 14, 2013, a confidential informant working with the Task Force made a successful purchase of crack cocaine from Defendant through his co-defendant, Paulette Alt. (Gov't Ex. 1 at 3, ¶ 5). A second successful drug transaction using the same confidential informant was completed with Paulette Alt at the direction of Defendant on April 23, 2013. (Gov't Ex. 1 at 4, ¶ 8). On April 23, 2013, a second confidential informant provided information regarding Defendant's delivery of a new batch of crack cocaine that he had "just cooked up." (Gov't Ex. 1 at 5, ¶ 9).

Detective Keirn, a detective with many years of experience in narcotics investigations, drafted the search warrant application along with a thorough affidavit of probable cause. Additionally, the search warrant application was reviewed and approved by Forest Fordham, an assistant district attorney for Cambria County. The warrant

application and affidavit of probable cause were then reviewed by Cambria County Common Pleas Judge Kiniry, who issued the warrant on April 23, 2013. On that same day, officers executed the warrant, searched Defendant's residence, and found drugs and various drug instrumentalities and paraphernalia.

The affidavit of probable cause contained information regarding, among other things: (1) the affiant's extensive experience and training in law enforcement and, in particular, drug investigations and interdiction; (2) details regarding various controlled purchases at the direction of Defendant; and (3) information related to the reliability of the confidential informants used in this case. (*See* Gov't Ex. 1). Further, the search warrant application described with sufficient particularity the premises to be searched— "[a] two Story white sided structure that is half of a double house located at 103 Catherine Street in Old Conemaugh Borough in the City of Johnstown"—and the items to be seized—namely, controlled substances and instrumentalities related to illegal drug activities. (*See* Gov't Ex. 1). The affidavit included numerous paragraphs regarding Defendant's use of his residence at 103 Catherine Street and the reasons why police were likely to find drugs or instrumentalities of drug activities in that residence. (Gov't Ex. 1 at 1-4, ¶¶ 3, 7). Thus, reviewing the facts contained within the four corners of the affidavit, the documented controlled purchases, along with the other information detailed in the affidavit, unquestionably provided a substantial basis for finding probable cause to search 103 Catherine Street.

Defendant's argument that there is no evidence linking his home to any criminal activity is unavailing. The Government concedes that there is no direct evidence that

Defendant ever sold drugs from his residence. Instead, the Government correctly asserts that the proper consideration is whether there exists a sufficient nexus linking the crime to the location to be searched. (ECF No. 102 at 5).

"[D]irect evidence linking the place to be searched to the crime is not required for the issuance of a search warrant." *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993). "Instead, probable cause can be, and often is, inferred by 'considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide'" evidence related to criminal activity. *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993) (quoting *United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985)). "[A]pplication of this inference is based on evidence supporting three preliminary premises: (1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's activities." *United States v. Stearn*, 597 F.3d 540, 559 (3d Cir. 2010) (quoting *United States v. Burton*, 288 F.3d 91, 104 (3d Cir. 2002)). However, the search of a drug dealer's home is unreasonable "if the affidavit suggested no reason to believe contraband would be found there." *Stearn*, 597 F.3d at 559.

Here, Defendant's status as a drug dealer is well established in the affidavit. (Gov't Ex. 1 at 3, ¶ 4). Likewise, the affidavit details multiple drug transactions involving and at the direction of Defendant. (Gov't Ex. 1 at 3-4, ¶¶ 5, 8). The affidavit also provides information regarding Defendant's delivery of a recently cooked batch of crack cocaine. (Gov't Ex. 1 at 4, ¶ 9). The affidavit also clearly establishes that the place to be searched,

103 Catherine Street, was Defendant's residence. (Gov't Ex. 1 at 4, ¶¶ 7, 9). Finally, the affidavit presents sufficient evidence and information from which the issuing judge could infer that Defendant would maintain evidence of his drug dealing at his home. (Gov't Ex. 1 at 1, ¶ 3). Accordingly, the affidavit provided a substantial basis from which Judge Kiniry could conclude that evidence, fruits, and instrumentalities of drug dealing would likely be found at Defendant's residence at 103 Catherine Street.

Defendant further asserts that, while the application for search warrant describes Defendant's residence as "on the right side of double looking at the front of the house," (Gov't Ex. 1), Defendant actually "resided on the left hand side, bringing into question the accuracy of the information provided in the affidavit." (ECF No. 87 at 4). At the suppression hearing, Detective Keirn, who prepared the warrant application, explained that the information he received came from detectives on the scene and that he did not "know where the detective was standing when he told me the right side of the house." (ECF No. 113 at 18). Detective Keirn also stated that the house number, 103, was "clearly marked on the front pillars" of the residence. (*Id.* at 19). Detective Keirn conceded that 103 was on the right side looking at the front of the house, but explained that he assumed that the officer giving him the information "was standing in front of the house. I don't know where he was at when he told me the right side." (*Id.* at 20).

The Court finds that, despite this minor address discrepancy, Defendant's residence, located at 103 Catherine Street, was the premises described in the application for search warrant. The Fourth Amendment requires that a warrant particularly describe the place to be searched. *U. S. ex rel. Hurley v. State of Del.*, 365 F. Supp. 282, 288 (D. Del.

1973).  "In determining whether the description of a premises in a search warrant is sufficient, the court considers 'whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.'  An incorrect street address is not necessarily fatal."  *Rodriguez v. Britton*, No. 09-cv-443, 2010 WL 889940, at *10 (E.D. Pa. Mar. 8, 2010) (citations omitted).  "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended."  *Steele v. United States*, 267 U.S. 498, 503 (1925).  Defendant's residence—103 Catherine Street—was clearly marked, was the premises described in the application for search warrant, and was the residence that was search by police officers executing the warrant.

Having carefully reviewed the affidavit of probable cause and search warrant, and considering the testimony and the evidence in the record, the Court finds that the application for search warrant set forth a substantial basis for Judge Kiniry to conclude that probable cause existed to issue a warrant to search Defendant's residence at 103 Catherine Street.  Accordingly, Defendant's motion to suppress evidence from the search will be denied.

### 2.      Good Faith Exception

Even if the Court were to conclude that the search warrant is defective or that the issuing judge lacked a substantial basis for finding probable cause, the evidence obtained

during the search would nevertheless be admissible under the good faith exception to the exclusionary rule.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court identified an exception to the Fourth Amendment's exclusionary rule "when an officer executes a search in objectively reasonable reliance on a warrant's authority." *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). "The test for whether the good faith exception applies is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Loy*, 191 F.3d 360, 367 (quoting *Leon*, 468 U.S. at 922 n. 23 (1984)). "A judge-issued warrant typically establishes good faith." *United States v. Vaughn*, 498 F. App'x 168, 170 (3d Cir. 2012).

Nevertheless, evidence may be suppressed when "the affidavit so lacked indicia of probable cause that belief in its existence was entirely unreasonable or the warrant on its face failed to particularize the place to be searched or the things to be seized." *Id*. (citing *United States v. Hodge*, 246 F.3d 301, 308 (3d Cir. 2001). Thus, while the "mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception," the Third Circuit has identified certain situations "in which an officer's reliance on a warrant would not be reasonable and would not trigger the exception." *United States v. Hodge*, 246 F.3d 301, 307-08 (3d Cir. 2001) (citing *Leon*, 468 U.S. at 922-23 and *Williams*, 3 F.3d at 74). Those situations include:

(1) [when] the magistrate [judge] issued the warrant in reliance on a deliberately or recklessly false affidavit;
(2) [when] the magistrate [judge] abandoned his judicial role and failed to perform his neutral and detached function;

(3) [when] the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or

(4) [when] the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Williams*, 3 F.3d at 74 n.4 (citations omitted).

Defendant has not specifically addressed the good faith exception. Nevertheless, under the arguments presented, it appears that Defendant might assert that the third situation would apply. Regarding the third situation, as explained in the probable cause analysis above, Detective Keirn's affidavit contained sufficient indicia of probable cause to support Judge Kiniry's finding of probable cause to support a search warrant. *Hodge*, 246 F.3d at 309; *Loy*, 191 F.3d at 369. There is simply no evidence to support any assertion that the affidavit was so lacking in probable cause that it rendered official belief in its existence unreasonable. The affidavit was based on an extensive investigation of Defendant's drug activities by the Task Force and the successful completion of multiple drug purchases involving the Defendant, all of which were detailed in the affidavit in support of probable cause.

Based on the evidence before the Court, "the officers properly entrusted their evidence to a magistrate judge to assess probable cause . . . [and] then relied on the magistrate judge's determination and executed the search." *Hodge*, 246 F.3d at 310. The officers executing the search warrant engaged in objectively reasonable conduct, and Defendant has not offered any evidence to the contrary. Accordingly, even if the search warrant lacked probable cause or was defective in some way, the good faith exception

would apply in this case.  Therefore, Defendant's motion to suppress evidence will be denied.

## B.  **Request for *Franks* Hearing**

In his supplemental motion to suppress evidence, Defendant asserts his right to a *Franks* hearing.  Defendant claims that Detective Keirn's warrant affidavit contains a statement that is "patently untrue."  (ECF No. 110 at 2, ¶ 5).  Specifically, Defendant claims that the false statement contained in the affidavit—"The UC officer witnessed [Defendant] meet and supply the CRACK for the deal to ALT"—is contrary to a later statement made by the undercover officer, who testified under oath that he "did not see [Defendant] hand anything to Ms. Alt, but I did not get the drugs until he arrived." (ECF No. 110 at 2, ¶ 5).

As explained above, the Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures and requires that a "neutral and detached magistrate" issue a warrant only upon probable cause.  *Johnson v. United States*, 333 U.S. 10, 14 (1948).  An affidavit must provide a magistrate with a "substantial basis," under the totality of the circumstances, for determining the existence of probable cause. *United States v. Grubbs*, 547 U.S. 90, 96 (2006) (citing *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).  Generally, a magistrate's finding of probable cause is afforded "great deference." *United States v. Leon*, 468 U.S. 897, 914 (1984).  However, his or her finding cannot be a "mere ratification of the bare conclusions of others," *Gates*, 462 U.S. at 239, nor may a

warrant affidavit stand when found "after the fact to contain a deliberately or recklessly false statement." *Franks v. Delaware*, 438 U.S. 154, 165 (1978).

Pursuant to *Franks v. Delaware*, a hearing must be held upon a defendant's request "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. Thus, here Defendant must make a substantial preliminary showing that Detective Keirn made a deliberately false or a reckless statement or omission in applying for the warrant, and must also show that the alleged false statement or omission was necessary to Judge Kiniry's finding of probable cause. *Id.*; *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). Negligence or mere inaccuracies are not sufficient to meet this burden. *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000). "An assertion is made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Russo*, 212 F.3d at 788 (quoting *United States v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir. 1995)).

As an initial matter, the Government argues that Defendant has waived his right to a *Franks* hearing pursuant to Rule 12 of the Federal Rules of Criminal Procedure for failing to timely file his motion for a *Franks* hearing. Rule 12(e) provides, "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Here, Defendant acknowledges the late filing of his motion

but asserts that good cause exists for the Court to excuse the waiver. Defendant argues that good cause exists because his *Franks* motion "is a supplement to the original suppression motion." The Court disagrees. Defendant's request for a *Franks* hearing is a distinct request and requires a different showing than his initial suppression motion. Defendant cannot now attempt to bootstrap his untimely request for a *Franks* hearing to his previous timely filed suppression motion. Nevertheless, the Court will consider whether Defendant has made the required substantial preliminary showing as to both prongs of the test.

Defendant asserts that paragraph 5 of the warrant affidavit contains the following allegedly false statement: "The UC officer witnessed [Defendant] meet and supply the CRACK for the deal to ALT." To show that the statement is false, Defendant quotes the transcript from his state preliminary hearing where the same undercover officer cited in the affidavit of probable cause testified during cross-examination that he "did not see [Defendant] hand anything to Ms. Alt, but I did not get the drugs until he arrived."

Regarding the first prong, Defendant has failed to establish the falsity of the asserted statement. Importantly, the Court notes that, while Defendant has cited the transcript from his state court preliminary hearing, he has not provided the transcript to the Court or offered any additional evidence or arguments outside of his motion (ECF No. 110). However, to make a substantial preliminary showing, "the defendant cannot rest on mere conclusory allegations or a 'mere desire to cross-examine,' but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits

or otherwise reliable statements from witnesses." *United States v. Yusuf*, 461 F. 3d 374, 383 (3d Cir. 2006) (quoting *Franks*, 438 U.S. at 171). Here, Defendant has failed to do so.

Additionally, comparing the two statements, the Court finds that the statement in the affidavit contains a permissible inference based on the undercover officer's observations. While the undercover officer testified at the preliminary hearing that he did not see Defendant give Alt the drugs, he testified that he observed Defendant meet with Alt and that Alt had drugs after meeting with the Defendant, but not before the meeting. Accordingly, Defendant has failed to make a substantial preliminary showing that the affidavit contained a false statement.

Likewise, even assuming the statement in the affidavit was false, Defendant has failed to show that Detective Keirn included the statement in his affidavit knowing that is was false or with a reckless disregard for its truth. To establish that an affiant's conduct is reckless, the Defendant must show that "either the affiant actually entertained serious doubts; or obvious reasons existed for him to do so, such that the finder of fact can infer a subjectively reckless state of mind." *United States v. Brown*, 631 F.3d 638, 645 (3d Cir. 2011). Here there is simply no evidence to suggest that "serious doubts" or "obvious reasons" existed such that the statement included by Detective Keirn in his affidavit was false or was made in reckless disregard for the truth.

Regarding the second prong of the test under *Franks*, Defendant has also failed to make a substantial preliminary showing that the alleged false statement was necessary to the issuing court's finding of probable cause. This "next step of the reconstructive surgery" requires the Court to "assess whether the statements and omissions made with

reckless disregard of the truth were 'material, or necessary, to the finding of probable cause'" by excising the false statement to determine whether the "'corrected' warrant lacked probable cause." *Wilson v. Russo*, 212 F. 3d 781, 789, 792 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F. 3d 396, 399 (3d Cir. 1997)); *Yusuf*, 461 F. 3d at 384. "If, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *United States v. Blair*, No. 12-cr-275, 2013 WL 5593001, at *4 (W.D. Pa. Oct. 10, 2013) (quoting *Franks*, 438 U.S. at 171-72).

Here, even if the alleged false statement is excised from the affidavit of probable cause, the Court finds that the affidavit nevertheless contains sufficient information to establish a substantial basis to support the issuing judge's finding that evidence, fruits, and instrumentalities of drug dealing would be found at 103 Catherine Street. (*See supra*, Part IV.A.1). Accordingly, the alleged false statement was not necessary to the finding of probable cause.

Therefore, having carefully reviewed the Defendant's motion and the Government's response, and in accordance with the applicable case law, the Court finds that Defendant has failed to make the required substantial preliminary showing of a deliberately false or reckless statement or omission in the affidavit. Furthermore, Defendant has waived his right to a *Franks* hearing pursuant to Rule 12. Accordingly, Defendant is not entitled to a *Franks* hearing and Defendant's supplemental motion to suppress the evidence will therefore be denied.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to suppress evidence (ECF No. 87) and supplemental motion to suppress evidence pursuant to *Franks v. Delaware* (ECF No. 110) are both **DENIED**.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 3:13-41 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| GEORGE J. LAWRENCE, IV, *a/k/a* "G," | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this __3rd__ day of November 2014, having considered Defendant's motion to suppress evidence and supplemental motion to suppress evidence, and the Government's responses, and having further considered the testimony and exhibits presented at the suppression hearing, and for the reasons set forth in the attached memorandum,

**IT IS HEREBY ORDERED** that Defendant's motion to suppress evidence (ECF No. 87) and supplemental motion to suppress evidence pursuant to *Franks v. Delaware* (ECF No. 110) are both **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE