IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:13-41-01 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| GEORGE J. LAWRENCE, IV, *a/k/a* "G," | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Synopsis

This Memorandum Opinion is filed in support of the Order of July 24, 2015, granting the motion (ECF No. 196) to disqualify counsel filed by the Government. The Government filed its motion after discovering a potential conflict of interest involving Defendant's counsel, Arthur McQuillan, and one of the co-defendants in the case, Paulette Alt, who the Government intends to call as a witness at trial. Specifically, the Government asserts that Attorney McQuillan must be disqualified because the Government intends to present the testimony of Alt as part of its case-in-chief, and "Alt was previously represented by Attorney Robert D. Gleason of the law firm of Gleason, McQuillan, Barbin & Markovitz, at a time when [McQuillan] was employee as an associate and a partner in the same law firm." The Government contends that, even if both Alt and Lawrence were to waive the conflict, the Court must still disqualify Attorney McQuillan from his representation of Lawrence due to the lengthy and extensive representation of Alt by Attorney Gleason over the course of several years while Attorney McQuillan worked in Gleason's law firm as either an associate or

partner. For the reasons explained below, the Court **GRANTED** the Government's motion by Order dated July 24, 2015, and entered at the conclusion of the disqualification hearing held at the Cambria County Prison on that date.

II.   Applicable Law

"The Sixth Amendment to the Constitution guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" *Wheat v. United States*, 486 U.S. 153, 158 (quoting U.S. Const. amend. VI). The Third Circuit has explained, "[t]he Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights, the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." *United States v. Moscony*, 927 F. 2d 742, 748 (3d Cir. 1991) (citations omitted). Further, "a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Moscony*, 927 F. 2d at 748 (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). "Thus, a presumptive right to the counsel of one's choice has been recognized as arising out of the Sixth Amendment." *Moscony*, 927 F. 2d at 748 (citing *Wheat*, 486 U.S. at 159). Nevertheless, this right is not absolute and may be overcome "not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164; *see also Moscony*, 927 F. 2d at 750.

"[A] court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Wheat*, 486 U.S. at 160. Indeed,

> [W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.

*United States v. Dolan*, 570 F. 2d 1177, 1184 (3d Cir. 1978).[1]

"Where a defendant chooses to waive any conflict of interest faced by his or her attorney in order to retain counsel of choice, a court may accept that waiver under appropriate circumstances." *United States v. Fumo*, 504 F. Supp. 2d 6, 23-25 (E.D. Pa. 2007) (citing *Gov't of Virgin Islands v. Zepp*, 748 F. 2d 125, 139 (3d Cir. 1984) ("The court should also determine whether there has been a waiver of the conflict, whether the waiver was effective or whether a waiver was possible.")). Nevertheless, "courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe

---

[1] The relevant part of Rule 1.7 of the Pennsylvania Rules of Professional Conduct provides as follows:

(a) [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . .
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a former client . . . or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: . . .
(4) each affected client gives informed consent.

3

them," thus the district court may refuse a defendant's waiver of his attorney's conflict of interest. *Wheat*, 486 U.S. at 160. The Third Circuit has explained,

> The tension between protecting the institutional legitimacy of judicial proceedings, which includes a concern to shield a defendant from having his defense compromised by an attorney with divided loyalties, and allowing a defendant to be represented by the attorney of his choice, creates the disqualification issue. Thus, a district court has discretion to disqualify counsel if a potential conflict exists, even where the represented parties have waived the conflict.

*United States v. Stewart*, 185 F. 3d 112, 122 (3d Cir. 1999) (citing *Wheat*, 486 U.S. at 164); *see also United States v. Puryear*, 719 F. Supp. 2d 571, 573 (W.D. Pa. 2010); *United States v. Cheatham*, No. 3:06-cr-29, 2008 WL 311029 (W.D. Pa. Feb. 1, 2008) *aff'd sub nom. United States v. McDade*, 404 F. App'x 681 (3d Cir. 2010).

### III. Discussion

This criminal action arises from certain alleged drug transactions involving the Defendant and his three co-defendants, Paulette M. Alt, Donna M. Hawk, and Paul A. Robinson, Jr. The Government filed a six-count Indictment against Defendant and the co-defendants on December 10, 2013. (*See* ECF No. 1). Defendant is charged in five of the six Counts of the Indictment as follows: Count 1 charges Defendant with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base; Count 2 charges Defendant with distribution of less than 500 grams of cocaine; Counts 3 and 4 charge Defendant with distribution of less than 28 grams of cocaine base; and Count 6 charges Defendant with possession with intent to distribute 28 grams or more of cocaine base.

4

Defendants Alt, Hawk, and Robinson have each waived jury trial, entered a guilty plea, and are awaiting sentencing. Attorney McQuillan has represented Defendant Lawrence for the duration of this case, since being appointed on January 16, 2014, by Magistrate Judge Pesto. The trial for Mr. Lawrence was scheduled to begin on Monday, July 27, 2015.

On July 24, 2015, the Government filed a motion to disqualify counsel. (ECF No. 196). The Defendant filed a response in opposition that same day. (ECF No. 197). After receiving the parties' filings, the Court scheduled a status conference for July 24, 2015, to discuss the issue with counsel. (*See* ECF No. 198). Later that same day, the Court conducted a disqualification hearing at the Cambria County Prison. At the hearing, the Court questioned Paulette Alt, the Government's witness and co-defendant of Lawrence, who was accompanied by her attorney, Lee Markovitz. At that time, Alt waived the conflict and signed a waiver of conflict form.

The Court then questioned Defendant Lawrence concerning the conflict of interest. The Court engaged in a lengthy colloquy with Mr. Lawrence and also questioned his counsel, Attorney McQuillan. Mr. Lawrence addressed a number of issues to the Court regarding his concerns with Attorney McQuillan's representation. The Court explained that, if Mr. Lawrence did not waive the conflict, the Court would disqualify Attorney McQuillan and would appoint new counsel to represent Mr. Lawrence. The Court also noted that, if new counsel were to be appointed, then the trial scheduled to begin July 27, 2015, would be continued until a later date. Mr. Lawrence

5

explained that he understood and unequivocally stated that he did not wish to waive the conflict of interest.

Accordingly, in light of the Pennsylvania Rules of Professional Responsibility and the applicable case law, and because Defendant did not waive the conflict of interest resulting from divided loyalties present in Attorney McQuillan's representation of Mr. Lawrence in this matter, the Court granted the Government's motion to disqualify Attorney McQuillan in an Order entered on July 24, 2015, (ECF No. 200) at the conclusion of the disqualification hearing.

## IV. CONCLUSION

For the reasons stated above, the Government's motion (ECF No. 196) to disqualify Defendant's counsel was **GRANTED** on July 24, 2015. The Court determined that Attorney Arthur McQuillan is disqualified and removed from representation of Defendant George J. Lawrence, and new counsel will be appointed to represent Mr. Lawrence in this matter.

The Order has been previously entered on July 24, 2015, and was filed as Docket Number 200 on July 27, 2015.

JULY 27, 2015                                BY THE COURT:

                                             _____
                                             KIM R. GIBSON
                                             UNITED STATES DISTRICT JUDGE